ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MASSA MINI MARKET, INC.<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE HACIENDA, NEGOCIADO DE IMPUESTO AL CONSUMIDOR<br><br>Recurrido | **KLRA202500251** | *REVISIÓN ADMINISTRATIVA* procedente de Departamento de Hacienda<br><br>Caso Núm.: 2024-NMA-073<br><br>Sobre: Violación y multas Bajo la Sección 3050.03 del Código de Rentas Internas |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece ante este foro, Massa Mini Market, Inc. (Massa Mini Market o "recurrente") y nos solicita que revisemos una *Resolución* emitida por la Oficina de Apelaciones Administrativas del Departamento de Hacienda (Oficina de Apelaciones Administrativas) notificada el 4 de marzo de 2025. Mediante el referido dictamen, la agencia confirmó la multa administrativa de $5,000.00 al amparo del *Código de Rentas Internas de Puerto Rico de 2011*, Ley Núm. 1 de 31 de enero de 2011, según enmendada, 13 LPRA sec. 30011, *et seq.* (Ley Núm. 1-2011).

Por lo fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen recurrido.

### I.

El 6 de mayo de 2024, Massa Mini Market presentó una *Querella Administrativa* en contra del Negociado de Impuesto al Consumo del Departamento de Hacienda

Número Identificador
SEN2025 _____

(Negociado o "parte recurrida").[1]  Alegó que, el 4 de abril de 2024, agentes del Negociado se personaron al comercio para realizar una inspección.  Como resultado, le emitieron una multa administrativa por estar operando veinte (20) máquinas de entretenimiento para adultos y una mesa de billar, sin la licencia de espacio, requerida por la Sección 3050.03 de la Ley Núm. 1-2011.

No obstante, el recurrente señaló que las máquinas eran de juegos de azar en ruta, por lo cual no era requerido tener una licencia de espacio vigente.  Añadió que las máquinas estaban bajo la jurisdicción de la Comisión de Juegos de Puerto Rico, en virtud de la *Ley de Juegos de Azar*, Ley Núm. 221 de 15 de mayo de 1948, según enmendada, 15 LPRA sec. 71, *et seq.* (Ley Núm. 221-1948).  Así pues, solicitó la eliminación de la multa impuesta.

El 13 de junio de 2024, el Negociado presentó su *Contestación a la Querella por Violación por Segunda Vez a la Sección 3050.03*.[2]  Adujo que, agentes visitaron el comercio del recurrente y encontraron la operación de veinte (20) artefactos de pasatiempo operados con ficheros, más un billar sin la licencia requerida. Asimismo, sostuvo que Massa Mini Market había incurrido en la misma violación el 15 de octubre de 2020.  Por consiguiente, le impuso una multa administrativa de $5,000.00.

De otra parte, el Negociado esbozó que ni la Ley Núm. 81-2019 ni la Ley Núm. 221-1948 le quitaban jurisdicción al Secretario de Hacienda para que pudiera

---

[1] *Querella Administrativa*, anejo 4, págs. 10-12 del apéndice del recurso.
[2] *Contestación a la Querella por Violación por Segunda Vez a la Sección 3050.03*, anejo 5, págs. 13-15 del apéndice del recurso.

fiscalizar los establecimientos que operaban artefactos manipulados por ficheros. Por lo cual, solicitó que fuera declarada con lugar la multa administrativa impuesta.

El 4 de marzo de 2025, la Oficina de Apelaciones Administrativas emitió la *Resolución* recurrida.[3] Mediante la cual, consignó las siguientes determinaciones de hechos:

1. La multa fue impuesta por Agentes de Rentas Internas del Negociado, el 5 de abril de 2024.

2. La multa fue notificada utilizando el modelo SC 2331, notificando al Querellante una multa administrativa por la cantidad de $5,000.00 por alegadamente haber violado la Sección 3050.03 del Código.

3. En el local comercial del Querellante había, en el momento de la inspección, 20 máquinas de pasatiempo operadas por ficheros.

4. El Querellante no contaba con una licencia requerida en todo negocio, establecimiento o local donde operen cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con monedas o fichas.

5. El Querellante fue multado bajo la Sección 3050.03 del Código, el 15 de octubre de 2020, la cual fue pagada el 7 de junio de 2023.

En vista de las determinaciones de hechos formuladas y el derecho aplicable, declaró *No Ha Lugar* a la *Querella*. En consecuencia, confirmó la multa administrativa de $5,000.00.

En desacuerdo, el 21 de marzo de 2025, Massa Mini Market presentó una *Moción Solicitando Reconsideración de Resolución y en Solicitud de Determinaciones de Hechos Adicionales*.[4]

---

[3] *Resolución*, anejo 2, págs. 4-7 del apéndice del recurso.
[4] *Moción Solicitando Reconsideración de Resolución y en Solicitud de Determinaciones de Hechos Adicionales*, anejo 1, págs. 1-3 del apéndice del recurso.

No obstante, transcurrido el término para que la agencia atendiera dicha moción, el 2 de mayo de 2025, la parte recurrente presentó el recurso de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

> Erró el Departamento de Hacienda al concluir que los equipos instalados en el negocio del peticionario están bajo la jurisdicción del Departamento de Hacienda y que por ende se necesita una licencia bajo la Sección 3050.03 del Código de Rentas Internas para operar cuatro (4) o más de los mismos.

> Erró el Departamento de Hacienda al no enmendar sus determinaciones de hechos para que refleje lo admitido por el testigo del Departamento de Hacienda y el tipo de artefacto instalado allí.

El 6 de mayo de 2025, emitimos una *Resolución* concediéndole a la parte recurrida el término dispuesto en el Reglamento de este Tribunal para presentar su alegato. Conforme ordenado, el 6 de junio de 2025, el Negociado presentó su *Alegato*.

Con el beneficio de la comparecencia de las partes, disponemos de la controversia que nos ocupa.

## II.

### -A-

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9601, *et seq* (Ley Núm. 38-2017), dispone sobre el alcance de la revisión judicial de las determinaciones de las agencias. Tanto la referida ley, como la jurisprudencia aplicable, establecen que la función revisora de las decisiones administrativas conferidas a los tribunales apelativos consiste en examinar si las decisiones de las agencias administrativas "se tomaron dentro de los poderes

delegados y si son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al respecto, es norma de derecho claramente establecida que los tribunales apelativos han de conceder gran deferencia y consideraciones a las decisiones de los organismos administrativos en vista de la vasta experiencia y conocimiento especializado. *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 126 (2019); *Mun. de San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández Álvarez v. Centro Unido*, 168 DPR 592, 615-616 (2006). Por ello, las determinaciones administrativas gozan de "una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025).

Al momento de revisar una decisión e interpretación de una agencia administrativa el criterio rector para los tribunales será la razonabilidad. *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016). Conforme a lo cual, habrá que determinar si la actuación de la agencia fue arbitraria, ilegal, caprichosa o tan irrazonable que constituyó un abuso de discreción. *Mun. de San Juan v. CRIM,* 178 DPR 164, 175 (2010). Por tanto, la revisión judicial de una determinación administrativa se circunscribe a determinar si: (1) el remedio concedido por la agencia fue apropiado; (2) las determinaciones de hechos realizadas por la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo, y (3) las conclusiones de derecho fueron correctas. Sec. 4.5 de la Ley Núm. 38-2017, 3 LPRA sec.

9675; *Torres Rivera v. Policía de PR*, supra, págs. 626-627 (2016).

Por otra parte, nuestro Tribunal Supremo ha identificado circunstancias en que corresponde no observar tal deferencia. En específico, dicho alto foro ha reconocido que la referida deferencia a las determinaciones administrativas cederá cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación de la ley, y (3) ha mediado una actuación irrazonable o ilegal. *Acarón, et al v. DRNA,* 186 DPR 564, 584 (2012); *Marina Costa Azul v. Comisión*, 170 DPR 847, 852 (2007).

–B–

Por su parte, la Ley Núm. 1-2011, *supra*, es el cuerpo legal aplicable a los hechos de epígrafe, y el cual define las condiciones y requerimientos que imprimen legitimación a determinadas actividades comerciales. Específicamente, en su Sección 3050.03, dispone lo siguiente en cuanto a los derechos de licencia a negocios donde operen máquinas de pasatiempo:

> Toda persona que opere un negocio, establecimiento o local donde operen cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con monedas o ficha, o mesas de billar, deberá pagar un impuesto anual por concepto de derechos de licencia por cada negocio, establecimiento o local, por la cantidad de doscientos (200) dólares. La licencia deberá exhibirse en un lugar visible al público en general en el establecimiento, negocio o local para el cual se conceda la misma. Las exclusiones a que se refiere el apartado (d) de la Sección 3050.02 de este Subtítulo también aplicarán a los derechos de licencia que se establecen en esta sección. 13 LPRA sec. 31713.

La ejecución de una actividad comercial de las contempladas en el Ley Núm. 1-2011, *supra*, sin el pago de los derechos por concepto de licencia establecidos,

está expresamente refrendada en la Sección 6042.14(b)(1)(A), 13 LPRA sec. 33144(b)(1)(A). Dicha disposición cataloga como delito menos grave emprender o continuar una industria, negocio u ocupación sujeto al pago de derechos por concepto de licencia, sin obtener o renovar la misma. No obstante, lo anterior no constituye la única consecuencia por dicha falta. Al respecto, la Sección 6030.21 de la Ley Núm. 1-2011, *supra*, expresa:

(a) Toda persona que no cumpla con cualquier disposición de cualquier Subtítulo de este Código o de los reglamentos promulgados en virtud del mismo, o con cualquier otra ley o reglamento de Puerto Rico relacionado con este Código, o toda persona que ayude de cualquier modo a otra a violar las leyes y reglamentos relacionados, y para lo cual no se haya dispuesto específicamente de otra manera en cualquier Subtítulo de este Código, incurrirá en un delito menos grave.

(b) Multa Administrativa. — Además de la pena impuesta en el apartado (a) de esta Sección, el Secretario podrá imponer una multa administrativa que no excederá de quinientos (500) dólares por cada violación. En caso de reincidencia a la misma disposición infringida, la multa administrativa no será menor a cinco mil (5,000) dólares por cada infracción.

(c) En caso de que la violación de cualquier disposición de este Código o de leyes o reglamentos relacionados sólo provea penalidades criminales, el Secretario podrá procesar el caso por la vía administrativa e imponer la multa dispuesta en el apartado (b) de esta Sección, o por ambas, a su discreción.

(d) Para propósitos de esta Sección, se entenderá que una persona ha reincidido en la misma violación a las disposiciones de este Código, cuando se incurre en la misma, o sustancialmente la misma actuación u omisión por la que se multó a la persona bajo el apartado (b) o se procesó judicialmente bajo el apartado (a), todo dentro de un periodo de diez (10) años. 13 LPRA sec. 33091.

**III.**

En el caso de autos, la parte recurrente esbozó dos (2) señalamientos de error cometidos por la Oficina de Apelaciones Administrativas.

En primer lugar, Massa Mini Market alega que la Oficina de Apelaciones Administrativas erró al determinar que las máquinas que operaban en su negocio necesitaban una licencia bajo la Sección 3050.03 de la Ley Núm. 1-2011, *supra*. Indica que, en el año 2018 se enmendó la Ley Núm. 221-1948, *supra*, para autorizar la operación de máquinas de juegos de azar fuera de los casinos en Puerto Rico. Añade que, como parte de dichas enmiendas se estableció el costo por licencia pagadero a la Comisión de Juegos de Puerto Rico y que no se autorizaba ningún otro cargo adicional.

Por otra parte, aduce que la Oficina de Apelaciones Administrativas incidió al no enmendar las determinaciones de hechos de la *Resolución*. Sostiene que del dictamen no surge el tipo de artefacto que operaba en el negocio, ni refleja lo admitido por el Agente Juan López. Por ello, reitera que los equipos que operaba en el negocio eran máquinas de juegos de azar en ruta y que estos estaban bajo la jurisdicción de la Comisión de Juegos de Puerto Rico.

Por su parte, el Negociado alega que, al realizar la inspección en el negocio del recurrente, los agentes hallaron veinte (20) máquinas de pasatiempo operados por ficheros. Así pues, que Massa Mini Market tenía la obligación de obtener una licencia según dispone la Sección 3050.03 de la Ley Núm. 1-2011, *supra*. Por tanto, la multa impuesta había sido conforme a derecho.

Ahora bien, Massa Mini Market plantea que el recurso es uno de estricto derecho, y nos invita a revisar las determinaciones de hechos realizadas por la Oficina de Apelaciones Administrativas. No obstante, no presentó la transcripción de la prueba oral, por lo que, no podemos evaluar la apreciación de la prueba. Como consecuencia, acogemos las determinaciones de hechos consignadas por la Oficina de Apelaciones Administrativas en su totalidad.

De otra parte, surge del expediente que el 4 de abril de 2024, agentes del Negociado realizaron una inspección en el local comercial del recurrente. Allí, encontraron la operación de veinte (20) máquinas de pasatiempo operado con ficheros sin contar con la licencia requerida bajo la Ley Núm. 1-2011, *supra*. Por consiguiente, el 5 de abril de 2024, el Negociado le impuso una multa administrativa de $5,000.00 por infringir en una segunda ocasión la misma disposición de dicha ley.

Conforme dispone nuestro ordenamiento jurídico, una persona que opera un local o establecimiento y tengan cuatro (4) o más máquinas o artefactos de pasatiempo manipulados con monedas o ficha, deberá pagar un impuesto anual por concepto de derechos de licencia. Sección 3050.03 de la Ley Núm. 1-2011, *supra*.

Por otra parte, la Sección 6030.21 de la Ley Núm. 1-2011, *supra*, atiende las penalidades por violaciones a dicho código. En particular, dispone que se impondrá una multa administrativa que no excederá de $500.00 por cada infracción. Además, establece que en caso de reincidencia, a la misma disposición, se impondrá una multa administrativa que no será menor de $5,000.00.

Cabe precisar que al momento de evaluar una determinación administrativa el criterio rector es la razonabilidad de la actuación de la agencia. *Rebollo v. Yiyi Motors, Motors*, supra. Es decir, habría que determinar si la actuación de la agencia fue arbitraria, caprichosa, irrazonable o que haya actuado fuera de las facultades conferidas por la ley. *Mun. de San Juan v. CRIM,* supra; *T-JAC, Inc. v. Caguas Centrum Limited,* supra.

En virtud de lo anterior, concluimos que el recurrente no demostró que la determinación de la Oficina de Apelaciones Administrativas haya estado fuera de las facultades concedidas por la ley. De los hechos probados surge que, al momento de la inspección, el negocio del recurrente operaba vente (20) máquinas de pasatiempo operadas por ficheros sin la licencia requerida. Además, que el 15 de octubre de 2020, habían sido multados bajo la misma disposición de ley. Ante ello, procedía la imposición de la multa administrativa de $5,000.00, al haber infringido la misma disposición por segunda ocasión.

Por lo cual, concluimos que los errores señalados no se cometieron.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones